UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01698-JMS-TAB |
| | ) | |
| NADAI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Preliminary Injunction**

Plaintiff David Collins, an inmate at New Castle Correctional Facility, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he has not received proper medication for his nerve pain. He seeks a preliminary injunction ordering that he be sent to be a nerve damage specialist, and that he be given physical therapy, an MRI, and appropriate pain medication. Defendants Falconer, Johnson, and Nwannunu ("the Medical Defendants") oppose the motion for injunctive relief.

**I. Facts**

Mr. Collins alleges in the complaint that, on September 11, 2019, he severely injured his foot. Dkt. 1, p. 9. Defendant Nurse Kenakham gave him crutches, but he expressed concern about using crutches on the stairs, since his cell was on the top range. *Id*., p. 10. On September 13, 2019, he fell down the stairs and was injured. *Id.*, p. 10-11. Defendant Dr. Falconer told him his ligament was torn but did not provide him with any treatment. *Id.*, p. 11. When he saw Nurse Practitioner Johnson ("NP Johnson"), she scheduled him for an MRI, but he did not receive it. *Id.* On October 10, 2019, he saw Nr. Nwannunu, who prescribed pain medication. *Id.*, p. 12.

Mr. Collins was seen by NP Johnson on January 30, 2020, where he complained that his left hamstring and left shoulder would not heal following a fall that had occurred four months prior. Dkt. 26-1 ¶ 7. NP Johnson prescribed Trileptal 200 mg, 2 tablets twice a day. *Id.* The prescription would expire on July 27, 2020. *Id.* Mr. Collins was also directed to purchase Ibuprofen and Tylenol as needed from commissary and given exercises for his hamstring. *Id.* In reply in support of his motion for injunctive relief, Mr. Collins states that at his January 20, 2020, visit with NP Johnson, NP Johnson ordered an MRI, but Wexford did not follow through with the order. Dkt. 39, p. 8.

On March 5, 2020, Dr. Nwannunu saw Mr. Collins to follow-up on his injury. *Id.* ¶ 9. He complained of still having discomfort and pain, especially while doing the exercises. *Id.* On physical examination, he showed no deformities, discoloration or swelling. *Id.* Dr. Nwannunu's assessment was musculoskeletal pain. *Id.* The plan was to start Naproxen 500 mg for 14 days, continue with quadriceps exercises, and return in three months for follow-up. *Id.* Mr. Collins still had valid prescription for Trileptal 300 mg until July 27, 2020. *Id.*

On July 23, 2020, Dr. Nwannunu saw Mr. Collins to discuss his medications. *Id.* at ¶ 13. At the visit, Dr. Nwannunu relayed that Mr. Collins's Trileptal prescription was about to expire and the medication was now non-formulary. *Id.* Dr. Nwannunu discussed switching Mr. Collins to Cymbalta. *Id.* A prescription for Cymbalta was then ordered. *Id.* On July 27, 2020, Mr. Collins was seen for a nurse visit complaining that the Cymbalta caused him to have psychotic episodes. *Id.* at ¶ 14. The nurse reviewed the chart and noted that this was a new claimed reaction to the medication. *Id.* Therefore, Mr. Collins was referred back to the provider. *Id*.

Thereafter, Mr. Collins saw Dr. Nwannunu again on July 30, 2020, where he complained of side effects. *Id.* ¶ 15. Dr. Nwannunu placed Mr. Collins on Naproxen Sodium for ten days. *Id.*

On August 11, 2020, Mr. Collins was seen for a nurse visit where he complained that the Naproxen was causing a rash on his body. Dkt. 26-1 ¶ 16. The nurse referred Mr. Collins back to the provider. *Id.* Two days later, Mr. Collins was seen by Dr. Nwannunu for a chronic care visit. *Id.* ¶ 17. At that time, Dr. Nwannunu ordered Tylenol Extra Strength 500 mg tablet, 2 tablets every 6-8 hours as needed. *Id.* The order was valid through August 27, 2020. *Id.* On August 18, 2020, Mr. Collins was seen by Dr. Nwannunu to follow-up on his rash. *Id.* ¶ 18. At that time the rash was fading. *Id.* Mr. Collins states that Dr. Nwannunu also prescribed Prednisone with no step down or tapering off. Dkt. 39 p. 9.

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.*

A. *Likelihood of Success on the Merits*

The Medical Defendants argue that Mr. Collins cannot establish a likelihood of success on the merits of his claims because they have not been deliberately indifferent to his injury and pain.[1] The underlying claim in this action is whether the defendants have been deliberately indifferent to Mr. Collins's injury and pain. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011).

"A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014). The defendants do not dispute that Mr. Collins's pain is an objectively serious condition. But they argue that they have provided him adequate treatment for his pain.

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate

---

[1] The Medical Defendants also argue that Mr. Collins cannot obtain injunctive relief because he did not sue the Warden and the Warden is the only proper party against whom injunctive relief can be sought. But the Medical Defendants do not argue that they are not responsible for Mr. Collins's medical care and it is clear from the record that they are. Moreover, the case the Medical Defendants cite for the proposition that the Warden is the only proper defendant against whom injunctive relief can issue, does not so state, but rather holds only that "the warden … is a proper defendant." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

4

indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). *See Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments"). In addition, the Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Here, Mr. Collins has complained of pain since his fall in September 2019. He asserts that Dr. Falconer told him that he had torn a ligament and that NP Johnson intended to schedule an MRI as a diagnostic tool, but the MRI never took place. Since then, while the defendants have tried different medication strategies, his pain has not abated. It is true that inmates may not demand specific treatment or the best care possible, but it is also true that they are "entitled to reasonable measures to meet a substantial risk of serious harm." *Arnett,* 658 F.3d at 754. "A significant delay in effective medical treatment [] may support a claim of deliberate indifference especially where the result is prolonged and unnecessary pain." *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010). Here, because Mr. Collins is still in pain and was told he had torn a ligament, the Court finds that Mr. Collins has a reasonable likelihood of success on the merits of his claims.

B. *Irreparable Harm, Inadequate Legal Remedies, and Balance of Harms*

"[H]arm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified School District No. 1 Board of*

*Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). "The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304).  If Mr. Collins has a torn ligament, he is likely suffering unnecessary pain and continued delay in treating it may cause him irreparable damage. The defendants will suffer no significant harm by a referral to an outside physician/specialist. It is in the public interest to provide reasonable medical treatment for prisoners who complain of severe pain. Under these circumstances, the balance of equities tip in favor of Mr. Collins.

### III. Conclusion

For the foregoing reasons, Mr. Collins's motion for preliminary injunctive relief, dkt. [20], is **granted to the extent that the Medical Defendants, or their designee with the authority to do so, shall refer Mr. Collins to an outside orthopedic specialist** to examine and evaluate Mr. Collins's pain. The Court **denies** Mr. Collins's request for specific pain medications and MRI, and leaves whatever treatment, if any, is appropriate, to the determination of the specialist.

The medical defendants shall **report not later than November 3, 2020,** that the referral has been made and an appointment has been scheduled as promptly as reasonably possible, taking into account the specialist's schedule. If the specialist determines than an MRI is necessary to properly diagnose the problem, it shall be provided. The specialist's treatment plan shall be followed.

**IT IS SO ORDERED.**

Date: 10/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID COLLINS
136767
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel